ALEXANDER H. HANDLAN, Respondent, v. JOSEPH G. MILLER, Appellant.

St. Louis Court of Appeals. Argued and Submitted October 8, 1909. Opinion filed November 2, 1909.

1. BROKERS: Contracts: Division of Commissions: Case for Jury. In an action for the recovery of commissions for the sale of personal property, on reading all the testimony, the court *holds* there was evidence to support the allegations of the petition and to justify its submission to the jury.

2. APPELLATE PRACTICE: Verdict Not Supported by Evidence: What Court Must Find. In order to warrant the appellate court in setting aside a verdict as not sustained by the evidence, it must find there is an entire absence of substantial evidence to sustain it.

3. PRINCIPAL AND AGENT: Proof of Agency: Declarations of Agent Not Sufficient. Proof of agency can not be established by the declarations of the agent to third persons.

4. TRIAL PRACTICE: Conduct of Counsel: Latitude Allowed. Much allowance must be made counsel as to their conduct, and it would have to be very improper to warrant such action by the court as would cause their clients to suffer from it.

5. INSTRUCTIONS: Cautionary: Preponderance of Evidence. An instruction that plaintiff was required to establish his case by a preponderance before he could recover and that if he had not done so and the evidence was evenly balanced and the jury was in doubt as to its preponderance, or if the preponderance was in favor of defendant, then the verdict should be for defendant, is correct; and a refusal to instruct with more particularity as to the preponderance of evidence was not error.

6. BROKERS: Contracts: Division of Commissions: Instructions: Series of Instructions Approved. In an action for a division of commissions for effecting the sale of personal property under a contract providing for such division, the court approves the series of instructions given, which are set out in the statement.

7. ———: ———: ———: ———: Submitting Law Question
to Jury. In an action for a division of commissions for effect·
ing a sale of personal property, under a contract providing for
such division, an instruction which told the jury they should
disregard all testimony except such as tended to prove or dis-
prove the alleged contract by which it was claimed defendant
agreed to divide his commissions with plaintiff, is disapproved
as submitting to the jury the question of relevancy of the testi-
mony, but, considered in connection with the rulings made by
the court when evidence was offered and with the other instruc-
tions given, it is held not to constitute reversible error.

Appeal from St. Louis City Circuit Court.—*Hon. Matt.
G. Reynolds,* Judge.

AFFIRMED.

*Fordyce, Holliday & White* for appellant.

(1) In order for one person to be bound by the
acts of another upon the theory of agency, such other
must have been expressly given authority to do the act
in question; or the act when done must have been know-
ingly ratified by the principal, or such conduct on the
part of the principal must be shown as would constitute
a holding out to third persons by the principal of such
person as his agent. There must be proof of either an
express appointment, a subsequent ratification of the
act, or estoppel. Huffcut on Agency, p. 23; 2 Page on
Contracts, secs. 961 and 967; Dellacella v. Harmonie
Club, 34 Mo. App. 179; Hackett v. Van Frank, 105 Mo.
App. 384. (2) An agency to perform a specific act
does not carry with it the power to do other and differ-
ent acts in the name of the principal, and an agent
with merely authority to sell, has no implied authority
to bind his principal by contract to give commissions
on sales to another. Atlee v. Fink, 75 Mo. 100. (3)
Unless a prima-facie case is made out by plaintiff, a
demurrer to the evidence must be sustained. Edwards
v. Insurance Co., 100 Mo. App. 695. (4) The verdict
being clearly against the weight of the evidence, the

court should have set it aside and ordered a new trial. Bohle v. King, 114 Mo. App. 439. (5) Improper conduct, statements and questions on the part of respondent's counsel, constituted sufficient grounds for a new trial, and the error is not cured by the court merely rebuking counsel. Wilburn v. Railway, 48 Mo. App. 224; State v. Spivey, 191 Mo. 87; Evans v. Trenton, 112 Mo. 390; Rochester v. Shaw, 100 Ind. 268. (6) It is error for the court to delegate to the jury a duty that properly belongs to the court, and an instruction that practically tells the jury that they are the judges of what is relevant evidence in regard to the issues of the case is improper. Jones v. Roberts, 37 Mo. App. 173; Albert v. Besel, 88 Mo. 150; Spalding v. Taylor, 1 Mo. App. 34. (7) Whether there is any evidence and what its legal effect is must be decided by the court. Callahan v. Warne, 40 Mo. 131; Twohey v. Fruin, 96 Mo. 104; Breesching v. Gaslight Co., 73 Mo. 219. (8) It is error for the court to fail to give an instruction that was referred to in one that was given, particularly in a case involving the application of the principles of the law of agency, where the refused instruction properly defined the meaning of the term "apparent scope of authority" and where such definition was necessary to a correct submission of the issues to the jury. Armstrong v. Railroad, 62 Mo. App. 639; McQuillin's Instructions, p. 126. (9) It is relevant to put in evidence any consideration which tends to make the proposition at issue either more or less improbable. Testimony cannot be excluded as irrelevant which would have a tendency, however remote, to establish the probability of the fact in controversy. Budd v. Hoffheimer, 52 Mo. 297; Walker v. Insurance Co., 62 Mo. App. 209; Haynes v. Christian & Roberts, 30 Mo. App. 198. (10) An alleged unsupported statement of an agent as to his agency is no evidence of agency. Stove Co. v. Adams, 93 Mo. App. 238; Peck v. Ritchey, 66 Mo. 114; Murphy v. Insurance Co., 83 Mo. App. 481; Bank v. Morris, 125

Mo. 343; Dellacella v. Harmonie Club, 34 Mo. App. 179. (11) In a direct issue of veracity between two witnesses any corroborative facts not excluded by the recognized exceptions to the rules of relevancy, should be submitted to the jury. Lane v. Railroad, 132 Mo. 4; McCloskey v. Pub. Co., 152 Mo. 339. (12) It is error to refuse to give an instruction extending or explaining a correct proposition of law given in a former instruction. McBeth v. Craddock, 28 Mo. App. 380; Sackett's Instructions to Juries, p. 42. (13) Instructions must conform to the pleadings, and it is error to give an instruction requiring less to be proved by the plaintiff than does the plaintiff's petition. Budd v. Hoffheimer, 52 Mo. 297; Toncrey v. Railroad, 129 Mo. App. 596; Percell v. Railroad, 126 Mo. App. 43; Blashfield on Instructions, sec. 391; Thompson v. Buchholtz, 107 Mo. App. 121; McQuillin's Instructions, p. 52.

*John S. Leahy* for respondent.

(1) After the party alleging the agency has made a prima-facie case of agency against the principal, any declarations made by the agent in the prosecution of and relative to the business contemplated by such agency are admissible against the principal. Peck v. Richey, 66 Mo. 114; Clark & Skyles on the Law of Agency, sec. 466, p. 1025. A party dealing with an agent has a right to rely in good faith upon his apparent authority, and it is not material whether the agency is general or special. McNichols v. Nelson, 45 Mo. App. 446, 452; Cummings v. Hurd, 49 Mo. App. 139; Hooper v. Bradbury, 69 Mo. App. 632; Baker v. Railroad, 91 Mo. 152; Woolen Mills Co. v. Meyers & Co., 43 Mo. App. 124. A principal is bound by the acts of his agent within the authority he has actually given him, which includes not only the precise act which he expressly authorizes him to do, but also whatever us-

ually belongs to the doing of it, or is necessary to its performance. Clark & Skyles on the Law of Agency, sec. 196, p. 461; Nicholson v. Golden, 27 Mo. App. 132; Robinson et al. v. Walton, 58 Mo. 380; Bergman v. Railroad, 104 Mo. 77. (2) When the plaintiff makes out a prima-facie case, as was apparently done in this case, the defendant's demurrer at the close of plaintiff's case being overruled, the issues must go to the jury, although in the opinion of the court the evidence of the defendant entirely overcomes that of the plaintiff, and stands uncontradicted. The jury may not believe defendant's witnesses, and it is for them, and not for the court, to pass upon the facts. Gannon v. Gas Light Co., 145 Mo. 502; Dolan v. Gas Light Co., 145 Mo. 550; Dalton v. Poplar Bluffs, 173 Mo. 39; Gregory v. Chambers, 78 Mo. 294; Land Co. v. Ross, 135 Mo. 101; Huston v. Tyler, 140 Mo. 250; Gordon v. Burris, 141 Mo. 602; Wolff v. Campbell, 110 Mo. 114; Gibson v. Zimmerman, 27 Mo. App. 96; Twohey v. Fruin, 96 Mo. 104; Wilson v. Board of Education, 63 Mo. 137; State v. Goetz, 131 Mo. 675; Davis v. Kroyden, 60 Mo. App. 441; Wolff v. Campbell, 110 Mo. 114; Mosby v. Commission Co., 91 Mo. App. 500; Hagan v. Railroad, 86 Mich. 615. (3) Appellate court will not interfere with the finding of the jury supported by any evidence, although the preponderance of the evidence is greatly against it. Bond v. Railway, 110 Mo. App. 131, and 122 Mo. App. 207; Crouch v. Colbert, 111 Mo. App. 93. Where there is substantial evidence to support a verdict the trial court commits no error in refusing to grant a new trial upon the evidence. Albert v. Seiler, 31 Mo. App. 247. (4) An exception is never noted to what an attorney or anyone else except the court does. An objection to what the attorney does may, however, be made, but it is made to the court, and when the court rules on such objection the party must save his exception if he intends to insist on it in the future progress of the case. Evans v. Trenton, 112 Mo. 390. (5) In law

cases the issues of fact that should be tried by a jury, unless waived, are formed by the pleadings and not framed by the court, as may be done in equity cases. There can be no objection; indeed, it may, in some cases, be advisable for the court to point out distinctly to the jury the issues of fact made by the pleadings and instruct them separately on each. Coleman v. Drane, 116 Mo. 387. (6) An instruction should not require plaintiff to prove more than is alleged in his petition. 'McQuillan's Instructions, p. 52; Mullen v. Pryor, 12 Mo. 307.

STATEMENT.—This is a suit brought by plaintiff Handlan against the defendant Miller. The petition declares on an alleged contract to the effect that if plaintiff would furnish defendant with information which would lead to the sale by or through defendant of steel rails and angle bars, that defendant would divide with plaintiff equally whatever commission defendant made through such sale. Averring that plaintiff gave the information and that defendant made the sale and had been paid a commission of $1587.44 thereon, plaintiff sues for one-half thereof, averring demand and refusal to pay any part. The answer was a general denial. Trial before a court and jury.

There was testimony to the effect that plaintiff was connected with and an officer of a company known as the Handlan-Buck Manufacturing Company, he being the president thereof, and while defendant's testimony was to the effect that plaintiff was not acting in this matter for himself but for his corporation and had so been understood by the defendant, plaintiff's testimony is to the effect that in the transaction involved he was acting for himself and not for his corporation. There was testimony to the effect that plaintiff had sent an agent to the office of defendant to see whether an arrangement looking to a division of commissions on sales made to any party whose name would

be given to defendant's representative by plaintiff could be made. Defendant himself was absent from the office at the time. There is no pretense of testimony that the arrangement was made with defendant direct, but whatever arrangement was made was made with a Mr. Irwin, a salesman for defendant. There is testimony to the effect that plaintiff's agent went to the office of defendant and stated the general object of his call to the man who was in charge of it; this man referred him to Mr. Irwin as the proper person to see about the matter in the absence of defendant; that plaintiff's agent or messenger saw Mr. Irwin there in defendant's place of business and telling him generally what he had come for, asked him to call on him and take up the matter with Mr. Handlan; that Irwin accordingly went to the office of the Handlan-Buck Manufacturing Company and seeing the agent who had before called on him was referred by him to Mr. Handlan, who was sitting in the office, and that Irwin handed Handlan his card, on which Irwin was named as manager for defendant, and told him he had come there to take up the matter concerning which he had been approached; told Handlan that his (Handlan's) agent, Mr. Roubidoux, had referred him to him (Handlan) to figure on some rails with him that Handlan had an inquiry or customer for, and that Irwin said that if they, that is defendant's firm, were not dealing with the same party or did not have an inquiry from the same party, they would divide their commission with him (Handlan); that Handlan asked him if he would divide his commissions on these rails, provided they were not bidding on them and he said they certainly would. Whereupon Handlan told Irwin what road it was that wanted the rails, and Irwin told Handlan that they, that is defendant's firm, were not bidding with that railroad on these rails. The testimony on the part of plaintiff further tended to show that after the name of the party to whom a sale was ultimately made was given to defendant's agent

by the plaintiff, the sale was made to that party by defendant, plaintiff co-operating, and that the commission received thereon by defendant was $1587.44, one-half of which amount, $793.72, being claimed as plaintiff's share of the commission. The defendant himself and his agent Irwin were examined as witnesses for plaintiff, and while the witness Irwin gave testimony tending to show that he had held himself out as agent for defendant to plaintiff and had acted for defendant in the matter, and had cards printed on which he described himself as "manager," defendant himself testified that Irwin had no such authority, had not told him of any arrangement as to commissions being made on his behalf with plaintiff and that he (defendant) supposed that he was dealing in the transaction with plaintiff's corporation and not with plaintiff as an individual. It was in evidence, however, that Irwin had authority to solicit for defendant, was in charge of his business when defendant was absent, and was interested in commissions earned in Miller's business, being on a guaranteed salary. Defendant himself had no part in this transaction, so far as making any arrangement with plaintiff was concerned, that all being done by Irwin. He admitted, however, that Irwin had called on Handlan with his knowledge and consent, to take up the matter with Handlan, but testified that while Irwin had told him of his arrangement with Handlan, he had not told him of the part relating to a division of the commission.

The only evidence introduced on behalf of defendant, apart from what was developed in cross-examination of defendant and Irwin, who were placed on the stand by plaintiff, consisted of correspondence concerning the matter of the sale of the material to the customer designated by plaintiff. None of the letters relate or refer to the question of commissions. It all appears to have been on the letterheads of the corporation when written to defendant and to have been signed in the

name of the corporation, and to have been on the letter-
heads of the corporation, and on behalf of the defend-
ant, all of the correspondence appears to have been ad-
dressed to the corporation. Plaintiff, however, testifies
that after he made the arrangement, he turned the
matter of filling the contract and all attention and cor-
respondence about it, over to his corporation, but that
the arrangement or agreement he claimed to have made
about division of commissions was his own private mat-
ter, in which the corporation had no interest.

The two points in controversy in the evidence
were, first, as to whether an arrangement of the kind
testified to had been made by an authorized represen-
tative of the defendant; second, whether the disputed
arrangement was for plaintiff individually or for his
corporation. It was furthermore testified by defend-
ant, that he had never known of any arrangement being
claimed as existing for a division of commissions, until
some months after the close of the transaction, when he
then repudiated it and denied liability to the plaintiff.
Defendant asked an instruction for nonsuit which was
overruled.

The court of its own motion gave the following in-
structions:

"The court instructs the jury if you find and be-
lieve from the evidence that the defendant through or
by his duly qualified agent entered into an agreement
with the plaintiff to divide any commissions which de-
fendant might receive by reason of the sale of angle
bars and steel rails, provided plaintiff furnished in-
formation to defendant relative to a railroad which was
in the market to purchase steel rails and angle bars,
and provided that you further find that defendant did
succeed in selling the railroad, the name of which was
at the time given to defendant's agent by plaintiff, then
your verdict will be for plaintiff for such sum as you
find and believe from the evidence to be one-half of the

commissions which defendant did receive by reason of such sale.

"The court instructs the jury that you will, in considering of your verdict, disregard all testimony in the case except that which either tends to prove or disprove the alleged verbal contract on the part of the defendant by which it is claimed that defendant agreed to divide his commissions with the plaintiff. The issue involved is whether or not there was or was not such a contract between plaintiff and defendant."

It also gave the usual instruction as to the number of jurors necessary to concur in a verdict. Defendant excepted to the giving of these instructions.

At the instance of defendant the court gave to the jury six instructions. The first told the jury that plaintiff was required to establish his case by a preponderance of the evidence before he could recover; that if he had not done so and the evidence was evenly balanced and the jury was in doubt as to its preponderance or if the preponderance is in favor of defendant, then the verdict should be for defendant. In the second instruction the jury were told, in effect, that before plaintiff can recover he must prove either direct authority given to the person claimed to have made the arrangement, or that, knowing of the acts of the party, defendants had ratified them, or that defendant knowingly and voluntarily permitted such person to hold himself out to the world as his agent for the purpose of doing either the act in question or similar acts pertaining to the same subject-matter. By the third instruction the jury were told that even if plaintiff proved, by a preponderance of the evidence, that the relation of principal and agent existed between the defendant and Irwin on the date of the alleged transaction, the mere fact that Irwin was in the employ of defendant is not, in itself, sufficient to establish the agency, but they must believe and find from the evidence that the contract was made by Irwin and that the defendant directed or authorized

him to make it, or that he had ratified and approved it after it was made, or that in making it, Irwin was acting within the apparent scope of his authority as such agent as defined by the instruction. The fourth instruction was on the credibility of the witnesses, and is in the usual form. The fifth instruction told the jury that if they found from the evidence that plaintiff entered into the contract for the benefit of or in the name of the Handlan-Buck Manufacturing Company, and that with his knowledge and consent that company assumed the contract and through its agents and officers "led the defendant to believe that his dealings in regard to the subject-matter of the contract were with the Handlan-Buck Manufacturing Company, then the plaintiff cannot recover in this action." The sixth instruction told the jury that in law a corporation is an artificial person, entirely distinct from any of its officers or stockholders, and that no stockholder or officer has the right to institute a suit in his own name upon a cause of action belonging to the corporation; that in this action plaintiff is suing in his own name, and that if they believe from the evidence that the contract was entered into between defendant and the Handlan-Buck Manufacturing Company and that the defendant was indebted to the Handlan-Buck Manufacturing Company upon the contract, then plaintiff cannot recover. The defendant also prayed several instructions which were refused, two of them specifically and with great particularity defining what "burthen of proof" meant, another defining what "apparent scope of authority" meant, and two others for nonsuit. Defendant duly excepted to the refusal of these instructions. Plaintiff asked three instructions; the court refused to give, them, substituting one of its own, heretofore set out therefor.

There was a verdict for plaintiff for $793.74 and judgment accordingly; a motion for new trial was duly filed and overruled, and exceptions duly saved to that

refusal, as well as to various rulings adverse to defendant. Defendant thereupon appealed.

REYNOLDS, P. J. (after stating the facts).— We have set out the facts with some particularity, out of deference to the very earnest argument and full and able brief of counsel for appellant, as that counsel insists there was no evidence in the case justifying its submission to the jury. We cannot agree to this. The statement shows that there was evidence, contradictory to be sure, but some substantial evidence, in support of the allegations in the petition, to which petition a mere general denial was interposed by way of answer. We do not say that a general denial did not properly put the case at issue. It did, and was sufficient, but it put the affirmations of the petition in issue; those affirmations were supported by evidence, and while that evidence was conflicting, it rested with the court and jury to weigh it. The jury found for plaintiff and the court held that there was evidence to support that finding and that the finding was not against the weight of the evidence. That concludes us on that phase of the case, we holding, on reading all the testimony, that it cannot be said there was an entire absence of substantial evidence to sustain the verdict. We must so hold, to reverse on that ground. This disposes of two of the thirteen propositions made by counsel for defendant.

The remaining propositions cover the law of agency and proof thereof, as to the latter it being argued that proof of agency is not established by the declarations of the agent to third parties. There is no doubt of the correctness of this proposition. Agency must be established *aliunde* the agent's declarations. In the case at bar, we think this was done. Irwin was a general soliciting agent for defendant. Defendant had knowledge of the fact that the deal by which he was making the sale, came to his house through

Irwin's arrangement with plaintiff. He received the benefit of the arrangement. It is clear from Irwin's own testimony that plaintiff gave him the name of the prospective customer with whom the deal was made, and while Irwin's testimony tends to deny the arrangement as to division of commission, the testimony of plaintiff and his agent who first took up the matter with defendant's agents, is emphatic and clear that division of commission was the very foundation of the transaction. The jury evidently took this view of it. Their verdict is conclusive.

Whether plaintiff was acting for himself or his corporation was a question of fact, on which there was diversity of evidence. The jury found for plaintiff on that issue.

It is urged that the conduct of counsel for plaintiff, in the presence of the jury, was improper. Much allowance must be made to counsel and their conduct must be very improper to cause their clients to suffer from it. Reading the record here, we do not find this assigned error sustained.

Error is particularly assigned to the refusal of the court to instruct with more particularity than it did as to the preponderance of the evidence. We think the instruction given was ample on this branch of the case.

The instructions given by the court, taken as a whole and in connection with that given by the court at its own motion, fairly and correctly put the law of the case to the jury and surely in a very favorable light for defendant.

Error is assigned to the expression in the instruction given by the court at its own motion, to the effect that the jury, in considering its verdict, will "disregard all testimony in the case except that which either tends to prove or disprove the alleged verbal contract on the part of the defendant by which it is claimed that defendant agreed to divide his commissions with the

plaintiff." This has some tendency to submit the question of relevancy of testimony to the jury, which should not be done, but considering it in connection with the rulings made by the court at the trial, when evidence was offered, and in connection with this instruction as a whole, as well as in connection with the instructions given for defendant, we are not prepared to say that the use of this phrase is reversible error.

Nor, reviewing the whole case, do we discover error in the exclusion or admission of testimony, so serious as to work to the manifest prejudice of defendant. The issues as made by the pleadings, are the ones, and the only ones, to be tried. Evidence must be kept within those issues and examining the record, we think that is what, and is all, the learned trial judge endeavored to do. Finding no reversible error, the judgment of the circuit court is affirmed. All concur.